UNITED STATES v. INDIANA HARBOR R. CO.

(District Court, N. D. Illinois. November 20, 1906.)

CARRIERS—SAFETY APPLIANCE ACT—ACTION FOR VIOLATION.

If diligence on the part of an interstate carrier to provide and maintain its equipment in accordance with the requirements of Safety Appliance Act March 2, 1893, c. 196, § 6, 27 Stat. 532 [U. S. Comp. St. 1901, p. 3175], be recognized as a defense to an action to recover the prescribed penalty for operating a car not so equipped, it must be the highest form of diligence and care; and where a defendant railroad company received a car, and moved it over its line but a few miles, when the coupler was

found to be inoperative, it has the burden of proof to show that it made proper inspection of the car when received, and that the defect did not then exist.

LANDIS, District Judge. This is an action to recover the statutory penalty of $100 for the defendant's alleged failure to comply with the safety car coupler act. Act March 2, 1893, c. 196, § 6, 27 Stat. 532 [U. S. Comp. St. 1901, p. 3175]. The facts are: The railway company hauled a freight car from a point in Indiana to destination in Illinois, at which latter place the coupling device was observed by a government inspector to be out of repair, so that it could not be operated without the railway employé going between the rails. That the car was moved while in this defective condition is not denied, but the defendant resists the imposition of the penalty on the ground, as sought to be established by evidence, that the car was in proper condition at the beginning of the journey; the inference being that the defect, which was occasioned by the loss of a clevis pin, resulted from handling the car en route. In opposition to this contention, it is urged by the government that it is no defense to a prosecution of this character that the carrier exercised diligence to provide and maintain its equipment with safety appliances, as required by the act.

Whether or not this is the true rule, the testimony shows that even on the theory of diligence the railway company failed in the discharge of its duty. The car came to the Indiana Harbor Road from another carrier at a junction point. Here the defendant maintained a car inspector, who testified that, before cars were moved from there by his company, he "customarily," or "usually," or "generally," made an examination of the coupling apparatus, which examination consisted of looking at the coupler and lifting the lever. If such inspection disclosed no defect, the inspector passed the car; otherwise he made a record of the fact in a book kept for that purpose, and the repairs were made before the car was moved. The witness did not recall the particular car in question, but his book contained no record of the car, which indicated that his inspection showed the appliances to be in good condition.

Even assuming the government's view of the law to be wrong, the finding in this case must be against the railway company on the question of fact. The distance traveled by the car over defendant's track was but a few miles. If, at the initial point, the pin had been in place and properly fastened, it is not probable that it would have been displaced by the ordinary handling of the car to destination. The fact that the pin was missing at the end of the journey is strongly indicative that the defect existed at the point of origin; that is to say, that the pin either was not then present, or was so badly worn or loosened that proper inspection would have disclosed the fact. If diligence is to be recognized as a defense, certainly it must be the highest form of diligence. Without regard to what the rule of liability may be, the exercise of the greatest care in the matter of equipment and maintenance

will keep coupling appliances in such condition as to exclude, except in very remote instances, the necessity of prosecutions for the enforcement of the act.

Let an order be entered in accordance with these views.