UNITED STATES v. GREAT NORTHERN RY. CO.

(District Court, E. D. Washington, E. D.    November 28, 1906.)

1. RAILROADS—STATUTE REQUIRING AUTOMATIC COUPLERS—IMPERFECT OR INCOMPLETE COUPLERS.

A railroad company is subject to the penalty provided for violation of Act March 2, 1893, c. 196, § 2, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], by using a car in moving interstate traffic not equipped with automatic couplers, where, although the car is so equipped, the coupler is so defective or out of repair as not to be efficient to prevent the necessity of men going between the ends of the cars to make couplings: and the same liability follows if the parts of a coupler, although in perfect condition, are not connected.

2. SAME—EVIDENCE.

A car used in moving interstate traffic had the equipment required by the safety appliance acts, but the chain provided for connecting the lock pin to the uncoupling lever was not attached. By attaching the chain the appliance would have been made available. *Held*, first, that, if the working parts had been connected by means of the chain, which had afterwards become detached, the equipment was out of repair; second, that, if the parts never had been connected by means of the chain, the equipment never had been completed as required by law, and in the absence of any showing it must be presumed, since the working parts were in perfect order, that the apparatus had only been partially completed, and, until completed, the provisions of the statutes had not been complied with.

3. SAME.

A common carrier cannot excuse itself from compliance with the statutory requirements by showing that a particular equipment is out of repair; for to permit it to do so would enable it to require brakemen to enter between cars for the purpose of coupling or uncoupling them, thereby defeating the purpose of the law altogether. Employés can only be protected from danger by the safety appliances being kept in repair.

4. SAME.

The purposes of the safety appliance acts fall within the rule applicable to statutes to prevent fraud upon the revenue and for the collection of customs, where intent does not inhere in their violation.

See 145 Fed. 438.

A. G. Avery, U. S. Atty., and J. B. Lindsley, Asst. U. S. Atty.

M. J. Gordon and Charles A. Murray, for defendants.

WHITSON, District Judge   This cause was tried by the court, a jury having been waived. The complaint contains six causes of action, but there is no controversy except as to the first. The evidence shows that the car in that cause of action described had the equipment required by law, but was being used in interstate traffic while the chain which connected the lock pin with the uncoupling lever was not attached; that a brakeman could not couple or uncouple the cars without going between them.

. I was at first impressed with the soundness of the contention of counsel for defendant that, the equipment itself being upon the car, no recovery for the penalties provided by the act can be had because, in some unexplained way, parts of it became disconnected. A literal reading of the provisions of the statute would appear at first blush to sustain' the view suggested. Act March 2, 1893, c. 196, § 2, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], prohibits hauling over the line of any common carrier any car "not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." The argument is that the car was properly equipped, but was temporarily out of repair, and the case will be first considered from that standpoint. The object of the act, as expressed in the title, is "to promote the safety of employés and travelers," and, in so far as it applies to employés engaged as brakemen on trains, it was intended to protect them from the danger of entering between cars in order to couple them up. If a comon carrier can excuse itself because a particular equipment is out of repair, without even explaining why, then it could equip all of its cars, leaving the equipment disconnected, which would require brakemen to enter between them for the purpose of coupling the same, thereby defeating the purposes of the law altogether. Employés can only be protected from danger by the safety appliances being kept in repair.

Judge Shiras in Voelker v. Chicago, Milwaukee & St. Paul Railway Company (C. C.) 116 Fed. 867–875, held that the defendant in that case was liable "because of the negligent failure of the company to have upon the car a coupler in proper and operative condition." Upon appeal to the Circuit Court of Appeals for the Eighth Circuit the decision was reversed, yet as to that point it was sustained. 129 Fed. 522. Such, also, was the conclusion of Judge Humphrey in United States v. Southern Railway Company (D. C.) 135 Fed. 122. These views may be confirmed by reference to Johnson v. Southern Pacific Company, 196 U. S. 17, 25 Sup. Ct. 158, 49 L. Ed. 363, where it was held that the purposes of the act fall within the rule applicable to statutes to prevent fraud upon the revenue and for the collection of customs, where the intent does not inhere in their violation.

Thus far the case has been considered upon the theory that failure to make the connection by means of the chain provided for that purpose presents a case of failure to repair or keep in order the equipment which was provided to meet the requirements of the law. The undisputed evidence is that the equipment itself was in perfect condition. It only needed to be connected to make it available for the purpose for which it was intended. In such a case, until the chain is connected, a car is not equipped with couplers "which can be uncoupled without the necessity of men going between the ends of the cars." In the absence of any testimony showing that it ever was attached, it must be presumed, since the working parts were in perfect order, that the apparatus was only partially completed, and that it was the ultimate intention to connect the parts and to thereby comply with the provisions of the statute.

There are two phases of the case, therefore, which are conclusive against the defendant: First, indulging the theory that apparatus, the

working parts of which were in perfect order, and which only needed to be connected to make the appliance available, was out of repair because not connected, the defendant fails, because it was its duty in this regard to keep the car in repair; second, if the chain never had been connected, then the defendant never did equip the car in the manner provided by law, and in the absence of explanation it must be presumed that this is the fact.

Judgment will accordingly go for plaintiff for the amount claimed in each of the causes of action.