UNITED STATES v. CHICAGO, B. & Q. RY. CO.

(District Court, D. Nebraska.  October 5, 1907.)

RAILROADS—EQUIPMENT OF TRAINS—DEFECTIVE APPLIANCES.

Knowledge is not an element of an offense under the safety appliance act. The failure to include knowledge as an element of the offense must have been present in the mind of the enacting body, and its omission was intentional, in order that this statute might induce such a high degree of care and diligence on the part of the railway company as to necessitate a change in the manner of inspecting appliances, and to protect the lives and safety of employés from accident due to a defective appliance such as is designated in this act.

[Ed. Note.—Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

(Syllabus by the Court.)

On Information for Violation of Safety Appliance Act.

The Interstate Commerce Commission lodged with the United States attorney information showing violations of the safety appliance law

by the Chicago, Burlington & Quincy Railway Company. There were two petitions; one alleging the hauling of a car with a defective coupler, and one alleging the hauling of two cars with defective couplers and one car with missing handholds. The petitions were consolidated. Defendant made general denial as to all the counts, and at the trial offered evidence to show due diligence in inspection and repair of the cars alleged to be defective.

Charles A. Goss, U. S. Atty., and Luther M. Walter, Sp. Asst. U. S. Atty.

Greene & Breckenridge, for defendant.

THOMAS C. MUNGER, District Judge (charging jury). In the case now on trial, both parties have presented motions asking that the jury be peremptorily instructed, and I have considered the requests and have concluded to so instruct the jury on each count in the petition.

The facts showing a violation of the act of Congress relating to safety appliances are ·sufficient to support each count in the petition, provided it is not necessary that the carrier shall knowingly offend against the statute. If the statute declares an offense, whether the act denounced by the statute is knowingly committed or not, then the case is sufficient upon the undisputed evidence to require a verdict in favor of the government.

There is considerable contrariety of opinion between the different courts as to the proper construction of this act. I have reached the conclusion that knowledge is not an element of the offense under the statute. The chief purpose of the act of Congress, as pronounced by the various courts that have passed upon it, was the protection of the lives and the safety of the trainmen who have occasion to pass between the cars or to work in and about them, and the act should be construed· so as to give this intent full force, if such a construction can be given to the act without doing violence to the language. Any other construction than this requires, not only that the carrier should fail to have the cars properly equipped, but also that the defect should have existed for such a length of time as would reasonably allow the presumption of inspection and notice on the part of the carrier. That interval would then depend upon the verdict of the jury in each instance—in some cases it might exist only for an hour; in other cases it might exist for days, or for a sufficient number of hours to move from one inspecting station on the railway to another inspecting station. This construction of the act concludes that Congress did not intend to· protect the lives or provide for the safety of a train crew during such period as the jury should find would be sufficient for the company in the ordinary method of doing business to discover and remedy this defect. This seems to me an unreasonable construction. ·If the offense that is specifically charged here depends upon its being knowingly committed, it would seem that under each section of this act, in order to render a railway guilty of noncompliance, such an offense should be knowingly committed, and that leads to what seems to me an absurdity. For instance, the fifth section of the act requires that the standard height of the drawbar above the top of the rails is to be fixed at a certain distance, from which distance a maximum variation is al-

lowed. If the act is not violated when there is a variation within that maximum distance, then it would appear that if there is an additional variation of another inch, or 2 or 3 inches, not knowingly allowed, and there has been ordinary care and diligence used, no offense is committed under this act. By the same process of reasoning, under section 2 of the amended act, it would not be a violation of the law to have less than the designated percentage of cars operated by power brakes, but such less percentage must be known to the company.

I find upon an examination of the opinions cited in the argument that there have been decisions by a number of courts, all holding, in effect, that knowledge and diligence are not ingredients of the offense. United States v. Southern Ry. Co. (D. C.) 135 Fed. 122; United States v. C., M. & St. P. Ry. Co., 149 Fed. 486; United States v. G. N. Ry. (D. C.) 150 Fed. 229; United States v. S. P. Ry. (D. C.) 154 Fed. 897; United States v. Atlantic, etc., Ry. (decision by Judge Purnell, May 11, 1907) 153 Fed. 918. While the decision in the case of United States v. A., T. & S. F. R. R. (D. C.) 150 Fed. 442, is to the contrary, yet it seems to me that, Congress having the power to make certain acts an offense regardless of knowledge, and having failed to make knowledge an element by express words in this act, it must have been within the contemplation of Congress that accidents were liable to occur between stations and for some time before repairs could be made, and that therefore the failure to include knowledge as an element of the offense must have been present in the mind of the enacting body. Its omission was intentional, in order that this statute might induce such a high degree of care and diligence on the part of the railway company as to necessitate a change in the manner of inspecting appliances, and to protect the lives and the safety of its employés, provided the accident occurs from a defective appliance such as is designated in this act.

And for these reasons the jury will be peremptorily instructed to return a verdict for the government on each count of the petition.