UNITED STATES v. OREGON SHORT LINE RY. CO.

(District Court, D. Idaho.  June 4, 1908.)

1. RAILROADS (§ 254*)—FEDERAL SAFETY APPLIANCE ACT—VIOLATION—PLEAD-
ING—SUFFICIENCY.

In an action against a railway company for penalties for violating the
safety appliance acts (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp.
St. 1901, p. 3174]; Act April 1, 1896, c. 87, 29 Stat. 85; Act March 2,
1903, c. 976, 32 Stat. 943 [U. S. Comp. St. Supp. 1909, p. 1143]), the
government need not allege that the company acted knowingly and negli-
gently; it being sufficient that the dereliction was set forth in the language
of the statute, with specification of the time and place, the car, the par-
ticular part of the car where the defect existed, and the nature of the
defect.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*

Duty of railroad companies to furnish safe appliances, see note to Fel-
ton v. Bullard, 37 C. C. A. 8.]

2. ACTION (§ 18*)—PENAL ACTIONS—NATURE.

A penal action is not necessarily a criminal prosecution.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 96; Dec. Dig.
§ 18.*

Nature and form of actions, whether civil or criminal, see note to Unit-
ed States v. Atlantic Coast Line R. Co., 98 C. C. A. 117.]

3. INDICTMENT AND INFORMATION (§ 110*)—SUFFICIENCY OF ALLEGATIONS.

It is sufficient in an accusation to follow the words of the statute de-
scribing the offense, if by doing so the act constituting the offense is fully,
directly, and expressly alleged, without uncertainty or ambiguity.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.
§§ 289–294; Dec. Dig. § 110.*]

Action by the United States against the Oregon Short Line Rail-
way Company.  On demurrer to the complaint.  Demurrer over-
ruled.

N. M. Ruick, U. S. Atty.

P. L. Williams and D. Worth Clark, for defendant.

DIETRICH, District Judge.  The action is brought to recover
penalties for violations of the safety appliance acts.  Act March 2,
1893, c. 196, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174); Act April
1, 1896, c. 87, 29 Stat. 85; Act March 2, 1903, c. 976, 32 Stat. 943 (U.
S. Comp. St. Supp. 1909, p. 1143).  Seven separate causes of action
are pleaded, three on account of defective couplings, three on account
of missing grab irons, and one on account of defective driver wheel
brakes.    By demurrer the defendant challenges the sufficiency of the
complaint as a whole, and of each cause of action considered sep-
arately.

The only question fairly raised by the demurrer is whether it is
incumbent upon the plaintiff to plead that defendant acted knowingly
and negligently in the premises; and this, I think, must be answered
in the negative.  In each count or cause of action the alleged derelic-
tion of the defendant is set forth in the language of the statute itself,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and in addition thereto the time and place, the car, and the particular part of the car where the defect existed, as well as the nature of the defect, are all specifically alleged. More is not required.

True it is that this is a penal action, but a penal action is not necessarily a criminal prosecution. Penalties are often recoverable in civil actions. 16 Enc. Pl. & Pr. 229; Stockwell v. U. S., 80 U. S. 531, 20 L. Ed. 491; Johnson v. So. Pac. R. R. Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363. But, even if we apply the stricter rules of criminal pleading, the complaint must be held to meet the requirements. "It is sufficient to pursue the very words of the state, if by doing so the act, in the doing of which the offense consists, is fully, directly, and expressly alleged, without any uncertainty or ambiguity. In many cases no allegation of anything more than the words of the statute, ex vi terminorum, import is necessary, in order to show that the defendant has committed the offense, and to charge the offense with certainty. Here it is always sufficient to charge the offense in the words of the statute." Clark, Criminal Procedure, p. 269.·

At the argument it was suggested upon behalf of both the government and the defendant that, even if such a rule of pleading be recognized, sooner or later in the progress of the case it would probably become necessary to construe the act, and generally to define the extent of defendant's duty to keep the appliances in repair, and that in view of the prevailing uncertainty as to the meaning of the act a construction at this time would be desirable; and accordingly the discussion was extended to the question whether or not a railroad company, having equipped its cars and engines with the requisite appliances, is absolutely bound at all times and under all circumstances and contingencies, at its peril, to keep the appliances in proper order, or whether its duty in that respect is fully performed by the exercise of ordinary care.

Neither alternative is free from difficulty, especially in the application of the law to hypothetical conditions, and the decided cases disclose a great variety of views, shading from one extreme to the other. U. S. v. So. Ry. Co. (D. C., Ill.) 135 Fed. 122, U. S. v. St. Louis R. Co. (D. C., Tenn.) 154 Fed. 516, U. S. v. Chicago & N. R. Co. (D. C., Neb.) 157 Fed. 616, U. S. v. Wabash R. Co., Index-Digest of Decisions under the Federal Safety Appliance Acts, 243, and U. S. v. El Paso Ry. Co., Id. 239, are authority for the construction contended for by counsel for the government. Upon the other hand, U. S. v. I. C. R. Co. (D. C., Ky.) 156 Fed. 182, U. S. v. Santa Fé R. Co. (D. C., Colo.) 150 Fed. 442, Mo. Pac. R. Co. v. Brinkmeier, 77 Kan. 14, 93 Pac. 621, and Elmore v. Seaboard Air Line Co., 130 N. C. 506, 41 S. E. 786, are clearly in support of the position maintained by counsel for defendant, as is also St. Louis R. Co. v. Delk, 158 Fed. 931, 86 C. C. A. 95, decided by the Circuit Court of Appeals of the Sixth Circuit since the argument. Other cases, especially when considered in the light of the facts involved, are not so decisive of the general question of construction: U. S. v. G. N. R. Co. (D. C., Wash.) 150 Fed. 229; Voelker v. Railroad Co. (C. C., Iowa) 116 Fed. 867; Railroad Co. v. Voelker, 129 Fed. 522, 65 C. C. A. 226; U. S.

v. Atl. Coast Line (D. C., N. C.) 153 Fed. 918; U. S. v. Southern Pacific Co. (D. C., Or.) 154 Fed. 897; U. S. v. C., B. & Q. R. Co. (D. C., Neb.) 156 Fed. 180; U. S. v. Indiana Harbor R. Co. (D. C.) 157 Fed. 565; U. S. v. Lehigh Valley R. Co., Index-Digest of Decisions under the Federal Safety Appliance Acts, 245; U. S. v. Phila. & Reading R. Co., Id. 247.

In view of the number and variety of these decisions, it is manifest that any further discussion can be of little, if any, general interest or value, and, regarding only the procedure and orderly trial of this case, I am clearly of the opinion that no good is likely to come from an attempt to anticipate possible issues. If the defendant has any defenses, it may present them, and to what extent, if at all, they should avail, may be determined upon inquiry as to the sufficiency of the answer or the materiality of the proof. The demurrer will be overruled. Defendant is given 30 days to answer.

Since preparing and before filing the foregoing, I have received a copy of the Supreme Court opinion in St. Louis, I. M. & So. Ry. Co. v. Taylor (rendered May 18, 1908) 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061. While in point upon the general question of construction, it presents no reason for modifying the conclusion reached relative to the demurrer.